Filed 7/20/16  P. v. Fritz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C079871 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR92861) |
| v. | |
| JAMAL FRITZ, | |
| Defendant and Appellant. | |

Defendant Jamal Fritz contends on appeal that the trial court erroneously imposed three enhancements for a single consecutive term of prior imprisonment.  (Pen. Code, § 667.5, subd. (b).)[1]  The People agree, and we shall modify the judgment accordingly.

BACKGROUND

In 2015, defendant was convicted by court trial of annoying or molesting a child under 18 with a prior sex crime conviction (count I, § 647.6, subd. (c)(2)), unlawful

---

[1]    Undesignated statutory references are to the Penal Code.

1

sexual intercourse with a minor (count II, § 261.5, subd. (c)), and possession of obscene matter (count III, § 311.2, subd. (a)).**2**  The trial court also found true three prior strikes based on defendant's 2001 felony convictions for attempted forcible rape, forcible oral copulation, and sodomy by use of force.  (§§ 667.5, subd. (b), 1170.12.)  Defendant served the terms for the 2001 convictions consecutively.

The trial court sentenced defendant as follows:  25 years to life plus three years for the three prior prison terms on count I, concurrent 25 years to life plus three years for the three prior prison terms on count II, and a concurrent six months on count III.

DISCUSSION

Section 667.5, subdivision (b) imposes an additional one year penalty "for each prior separate prison term . . . imposed . . . for any felony."  A prior separate prison term is "a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes . . . ."  (§ 667.5, subd. (g).)  "[T]his statutory language means that only one enhancement is proper where concurrent sentences have been imposed in two or more prior felony cases."  (*People v. Jones* (1998) 63 Cal.App.4th 744, 747; see also *People v. Carr* (1988) 204 Cal.App.3d 774, 779 ["a defendant serves a single term in state prison notwithstanding that the term consists of several separate sentences attributable to different convictions"].)

Because defendant served consecutive terms for the 2001 convictions, the terms served for these offenses were not "separate" terms within the meaning of section 667.5, subdivision (b).  Accordingly, there was sufficient evidence to establish the necessary elements for only one of the section 667.5, subdivision (b) allegations, and it was error to find true all three such allegations.  Therefore, the trial court's true finding on two of the

---

**2**  Because of the nature of the issue on appeal, the facts underlying defendant's conviction are not relevant and are not recounted.

section 667.5, subdivision (b) allegations must be set aside.  In addition, defendant's sentence must be modified by striking the additional two one-year sentences.

## DISPOSITION

The judgment is modified to vacate the trial court's true finding on two of the section 667.5, subdivision (b) allegations and to strike the two additional one-year sentences on each felony count (counts I and II).  The trial court is ordered to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

                              \_\_\_\_\_NICHOLSON\_\_\_\_\_, Acting P. J.

We concur:

_____ROBIE_____, J.

_____HOCH_____, J.

3